IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Alfred K. Myers,               :

    Plaintiff,              :

  v.                           :         Case No. 2:07-cv-844

Delaware County, Ohio, et al., :         JUDGE HOLSCHUH

    Defendants.             :

ORDER

On August 26, 2009, plaintiff and all defendants except defendant James Ward filed a motion to modify the case schedule. Mr. Ward set forth the reasons for his opposition to the motion in a memorandum filed on the same day, and a reply brief was filed on September 2, 2009. For the following reasons, the Court will grant the motion.

The joint motion represents that despite diligent efforts, the parties were unable to complete discovery prior to the current cutoff date of September 1, 2009. Given the trial schedule of plaintiff's counsel, the parties who joined the motion asked for a three-month extension of the discovery cutoff date and a similar extension of the summary judgment motion filing date. They note that the case has not yet been placed on a trial calendar.

In his opposing memorandum, Mr. Ward argues primarily that plaintiff has developed no evidence that Mr. Ward was involved in the actions described in the complaint and that he should not be granted more time to attempt to locate such evidence. He also suggests that counsel was aware, when requesting the last extension, that his schedule would be difficult in September, and that perhaps he should have asked for more time then. The reply

memorandum points out that there has been no lack of diligence in trying to schedule the remaining depositions, but that counsel's willingness to accommodate their schedules made it impossible to depose them before the September 1 cutoff.

Fed.R.Civ.P. 16(b) requires the Court, in each civil action which is not exempt from that rule, to "enter a scheduling order that limits the time" to, <u>inter alia</u>, file motions, identify expert witnesses, and complete discovery.  The rule further provides that "[a] schedule shall not be modified except upon a showing of good cause ...."

Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," <u>Rouse v. Farmers State Bank</u>, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994), and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." <u>Id</u>. at 1198.  In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." <u>Deghand v. Wal-Mart Stores</u>, 904 F.Supp. 1218, 1221 (D. Kan. 1995).  The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. <u>Tschantz v. McCann</u>, 160 F.R.D. 568, 571 (N.D. Ind. 1995).  Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." <u>Dilmer Oil Co. v. Federated Mut. Ins. Co.</u>, 986 F.Supp. 959, 980 (D.S.C. 1997). Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered. <u>Inge v.

Rock Financial Corp., 281 F.3d 613 (6th Cir. 2002). It is with these standards in mind that the instant motion will be decided.

Here, Mr. Ward really does not take issue with the other parties' representations that counsel have been reasonably diligent in attempting to adhere to the current schedule. He also does not point to any specific prejudice he will suffer from a brief extension of those dates. As noted by the other parties, there is no trial date currently set. Given all of these factors, the Court finds that the Rule 16(b) standard has been met and that the extension should be granted.

Based on the foregoing, the joint motion to modify the case schedule (#41) is granted. The discovery cutoff is extended to December 1, 2009, and summary judgment motions are due on or before January 4, 2010.

/s/ Terence P. Kemp
United States Magistrate Judge