IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Alfred K. Myers,         :

    Plaintiff,        :

  v.                      :        Case No. 2:07-cv-844

Delaware County, Ohio, et al., :     JUDGE HOLSCHUH

    Defendants.      :

ORDER

Plaintiff Alfred K. Myers has moved for an extension of time in which to file his opposition to the motion for summary judgment filed by Defendant James Ward. Opposing and reply memoranda have been filed. For the following reasons, the Court will grant the motion.

According to the motion, certain depositions need to be taken in order to allow plaintiff to establish a factual basis for opposing the summary judgment motion. Since the discovery cutoff was recently extended to December 1, 2009, plaintiff now has the opportunity to take these depositions. Several of the scheduled depositions are of persons with whom Mr. Ward worked and with whom he presumably discussed issues relating to the plaintiff's claims. The substance of the opposing memorandum is that, having failed to identify exactly how the depositions might aid plaintiff in opposing the summary judgment motion, plaintiff has not satisfied the requirements of Fed.R.Civ.P. 56(f).

Rule 56(f) reads as follows:

> **(f) When Affidavits Are Unavailable.** If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) deny the motion;

>     (2) order a continuance to enable affidavits to be
>     obtained, depositions to be taken, or other discovery
>     to be undertaken; or
>
>     (3) issue any other just order.

Although it is true that a conclusory statement about the need for further discovery is generally deemed insufficient to justify a continuance under Rule 56(f), see Munoz v. England, 557 F.Supp. 2d 1145 (D. Hi. 2008), in this case, plaintiff has identified with specificity what discovery he seeks, namely the depositions identified in his motion. He has also asserted a plausible basis for believing that the deponents will have discoverable information about the issues raised on summary judgment. It is not reasonable to expect that, without actually conducting these depositions, plaintiff could provide a more detailed explanation of what they may say during their depositions. Further, as plaintiff points out, the requested continuance will not affect the overall case schedule, since the cutoff date for filing other dispositive motions is not until January 4, 2009.

Based on the foregoing, the motion for extension of time to respond to Defendant Ward's summary judgment motion (#54) is granted. Plaintiff's response shall be filed on or before January 25, 2010.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order

found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge